FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.

12 NOV -5 PM 1:05

SARAH CHENEY, individually,

Plaintiff,



v.

RECEIVABLES PERFORMANCE MANAGEMENT, LLC,
a foreign limited liability company,

Defendant.
_______________________________________/

**COMPLAINT FOR VIOLATIONS OF THE FDCPA**
**JURY DEMAND**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). Simply put, in its telephonic efforts to collect a consumer debt from Plaintiff, Defendant failed to disclose the purpose of its call to Plaintiff as well as its true identity, which are both federally mandated requirements of debt collectors pursuant to the FDCPA. Making matters worse, Defendant failed to provide certain statutory rights to Plaintiff in accordance with 15 U.S.C. § 1692g.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.



## PARTIES

3. Plaintiff, SARAH CHENEY ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Pasco County, Florida.

Defendant, RECEIVABLES PERFORMANCE MANAGEMENT, LLC,

4. ("Defendant" or "RPM"), is a foreign limited liability company primarily engaged in consumer debt collection and operates from offices located at 20816 44th Avenue West, Lynwood, WA 98036. RECEIVABLES PERFORMANCE MANAGEMENT, LLC, ("RPM") is a foreign limited liability company and also a debt collector, which, according to its own website, collects consumer debts, such as: utility bills, phone bills, and retail credit cards.

5. Defendant is vicariously liable for the actions of any employees of RPM to the extent that the actions taken by said employees were in an attempt to collect a consumer debt from Plaintiff. *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994).

6. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

7. Defendant regularly collects or attempts to collect consumer debts for other parties.

8. Defendant is a "debt collector" as that term is defined in the FDCPA; Defendant is also a registered "consumer collection agency" in the State of Florida as that term is defined in Fla. Stat. 559.55 *et seq.*

9. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10. Upon information and belief, Defendant sought to collect from Plaintiff an alleged debt arising from an allegedly unpaid credit card used by plaintiff for personal clothing, gifts and household goods.

11. One of RPM's employees left the following message on Plaintiff's voice mail (phone number ending in "7114") on or about the date stated:

> *October 01, 2012*
> *Hello, you have an important message from R-P-M. This is a call from a debt collector. Please call (866) 212-7408*

12. Based upon information and belief, Defendant left similar or identical messages on other occasions within the year of the filing of this complaint. (Collectively, "the telephone messages").

13. The telephone messages are "communications" as defined by 15 U.S.C. §1692a(2). *See Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

14. The name "RPM" has not registered by Defendant as a fictitious name in the State of Florida.

15. Based upon information and belief, Defendant knew it was required to disclose its true business name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

16. Since receiving her initial communication from Defendant on or about October 1, 2012, Defendant has failed to provide Plaintiff with any written notice of her federally mandated rights in accordance with 15 U.S.C. § 1692g.

**COUNT I**
**FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY**

17. Plaintiff incorporates Paragraphs 1 through 16.

18. An employee of Defendant, acting on Defendant's behalf, placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its true business name, and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §§ 1692d(6), 1692e(10). *See generally, Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D. Fla. September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D.Ga. 1982).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Statutory Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

**COUNT II**
**FAILURE TO PROVIDE WRITTEN NOTICE**
**IN VIOLATION OF 15 U.S.C. § 1692g**

19. Plaintiff incorporates Paragraphs 1 through 16.

20. Within five days of the initial communication with Plaintiff, Defendant failed to provide a written notice to Plaintiff with regard to the rights afforded her under 15 U.S.C. § 1692g(a)(1) – 1692g(a)(5). Defendant has thus violated the aforementioned subsection of the FDCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Statutory damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

Dated this 31st day of October, 2012.

SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff*

664 E. Hallandale Beach Blvd.
Hallandale, Florida 33009
Phone954-589-0588
Fax 954-337-0666
scott@scottdowens.com

By:/s/ Scott D. Owens
Scott D. Owens, Esq.
Florida Bar No. 0597651